IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.   12-cv-96-WDS-SCW |
| | ) |
| FRANKIE L. SANDERS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge William D. Stiehl pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c)**, **Federal Rule of Civil Procedure 72(b)**, and **Local Rule 72.1(a)** for a Report and Recommendation on a Show Cause Order directed to Respondent to show cause as to why he should not be compelled to obey the IRS summons issued upon him on September 6, 2011.  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, **DENY** Respondent's objections to the enforcement of the summons, and **DIRECT** that Respondent comply with the IRS's summons.

### II.   Findings of Fact

This matter stems from a summons that was issued by Revenue Officer Mark J. Bettinger on August 4, 2011.  Revenue Officer Bettinger issued an IRS summons on Respondent Frankie Sanders to appear at the IRS office located in Effingham, Illinois, on September 6, 2011 to provide documents and testimony relevant to his income tax liability for the tax years 1998 through 2010 (Doc. 2 at ¶¶ 5 -6, Ex. B).

On the scheduled date, Respondent appeared at the IRS office but failed to provide any responsive documents or any other information as provided in the summons (Doc. 2 at ¶ 7). The matter was then referred to the Office of the Chief Counsel of the IRS who issued Respondent a "last chance" letter proposing an alternative appointment to comply with the summons (*Id.* at ¶ 8). Respondent contacted Revenue Officer Bettinger on November 4, 2011 and informed Bettinger that he would not be at the scheduled appointment (*Id.*). Subsequent to Respondent's failure to respond, the United States of America filed a Petition to Enforce Internal Revenue Summons in this Court on February 1, 2012 (Doc. 2). Respondent was then ordered to show cause as to why he should not be compelled to comply with the IRS summons (Doc. 4). The matter was set for hearing on April 5, 2012.

In response to the Order, Respondent filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 6). In that motion, Respondent argued that without district directors of the IRS, the United States lacked authority to proceed with this action. District Judge William D. Stiehl rejected this argument (Doc. 10). Citing to his opinion in another case against Frankie Sanders, Judge Stiehl rejected Respondent's argument citing numerous cases which have come to the conclusion on similar arguments, finding that nothing in the restructuring of the IRS "eliminate[d] the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes." **See *United States v. Frankie L. Sanders, et al.,* Case No. 03:11-cv-912 (Doc. 29)(S.D.Ill. Sept. 17, 2012) (citing *United States v. Springer*, 444 Fed. Appx. 256, 260-61 (10th Cir. 2011)).** Judge Stiehl denied Respondent's motion.

After denying Respondent's motion to dismiss, Judge Stiehl subsequently terminated Respondent's attorney Jerold W. Barringer because he had been suspended from the practice of law in the Southern District of Illinois (Doc. 11). Respondent was given leave to either obtain new counsel

or proceed *pro se*. Respondent was eventually labeled *pro s*e and Judge Stiehl referred this matter to the undersigned. Respondent was Ordered to appear before the undersigned and to show cause as to why he should not be compelled to obey the IRS summons served upon him on September 6, 2011 (Doc. 19). Judge Stiehl's Order also **ORDERED** Respondent to bring with him to the hearing before the undersigned "any and all books, papers, records, and other data described in the IRS summons" (*Id.*).

The undersigned held a hearing on the Order to Show Cause on April 30, 2013. At the hearing, the undersigned inquired of Respondent as to whether he brought the documents that he was ordered to bring by Judge Stiehl. Respondent indicated that he had not brought the documents. While Respondent initially indicated he did not have any responsive documents because he had already produced them, it is clear to this Court that he was referring to a different summons and a different case involving different tax years. The undersigned finds as a factual matter that Respondent chose not to bring the documents to the hearing as previously ordered. When asked if Respondent had any reason to offer for not being compelled to obey the IRS summons, Respondent offered several arguments to the Court. These arguments included various arguments previously raised and rejected by Judge Stiehl. Specifically, Respondent argued that he was a sovereign citizen and as such this Court had no jurisdiction over him. He also argued that the IRS did not have a verified statement of claimed debt under the Federal Debt Collection Procedures Act,[1] the IRS did not have a signed contract with Respondent, and that the Court could not exert jurisdiction over him by typing his name in all caps in the Court's caption. The undersigned rejected all of Respondent's arguments as either frivolous or previously raised and rejected by Judge Stiehl.

Having rejected all of Respondent's arguments for not complying with the IRS

---

[1] Although Respondent and the undersigned referred to the statute as the Fair Debt Collections Act, a review of the statute that Respondent cited, 28 U.C.S. § 3002, reveals that Respondent was actually referring to the Federal Debt Collection Procedures Act.

summons, the undersigned found that Petitioner had met its *prima facie* case to enforce its summons and gave Respondent the choice to meet with the IRS the following morning, May 1, 2013 at 9:00 a.m., and bring the required document as directed in the summons and by Judge Stiehl. The undersigned warned Respondent that his failure to comply would result in a Report and Recommendation to Judge Stiehl for sanctions to be issued due to Respondent's failure to abide by the summons. The undersigned also postponed the show cause hearing until May 1, 2013 at 2:30 p.m. in order to allow Respondent adequate time to comply with the summons.

On May 1, 2013, Respondent filed a Motion for Reconsideration (Doc. 24), seeking reconsideration of the undersigned's findings at the April 30, 2013 hearing. The undersigned will take that filing into consideration in offering its recommendations below, but notes that it does not find any argument worthy of reconsideration. In fact, Respondent merely objects to the Court's previous findings that his arguments were frivolous. Thus, the undersigned **DENIES** Respondent's motion to reconsider (Doc. 24). Further, Respondent failed to appear at the scheduled show cause hearing before the undersigned. At the hearing, Petitioner informed the undersigned, and also filed a Response to the undersigned's Order, indicating that Respondent had failed to appear for their scheduled meeting that morning. Petitioner's Response also indicated that attempts had been made to contact Respondent by phone to no avail and a search of the courthouse was done to determine if Respondent was in the building, to no success. The undersigned again noted Respondent's failure to appear at the hearing and took the matter under advisement with a Report and Recommendation to issue.

### III.  Conclusions of Law

**A.     Legal Standard**

Petitioner's Complaint seeks to enforce a summons issued by the IRS to Frankie L.

Sanders. "Congress has established a statutory structure that endows the IRS with extensive authority to conduct effective tax investigations." *United States v. Crum*, **288 F.3d 322, 333 (7th Cir. 2002).** Under **28 U.S.C. §§ 7402(b) and 7604(b)**, district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition. *Crum*, **288 F.3d at 333-34 (citing** *Donaldson v. United States*, **400 U.S. 517, 523-25 (1971)).**

In order to obtain enforcement of a summons, the Government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought may be relevant to the investigation; (3) not already in the Government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, **379 U.S. 48, 57-58 (1964);** *see also United States v. Ins. Consultants of Knox, Inc.*, **187 F.3d 755, 759 (7th Cir. 1999).** "The *Powell* requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." *Knox*, **187 F.3d at 759 (quoting** *United States v. Miller*, **150 F.3d 770, 772 (7th Cir. 1998)).** Once the Government meets its *prima facie* burden, the respondent faces a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, **187 F.3d at 759 (quoting** *Miller*, **150 F.3d at 772).** Summons enforcement proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. *2121 Arlington Heights Corp.. v. Internal Revenue Service*, **109 F.3d 1221, 1226 (7th Cir. 1997).**

B.  Analysis

Here, the Government has met its *prima facia* case under *Powell*. The Government submits an affidavit from Revenue Officer Bettinger which demonstrates that the IRS has met all of the requirements under *Powell,* which is the only evidence required for meeting its *prima facia* case. See

*Knox*, **187 F.3d at 759**. Revenue Officer Bettinger's affidavit swears that he was conducting an investigation of Frankie Sanders' tax liabilities for the years 1998 through 2010, and issued a summons for Respondent to give testimony and produce certain documents related to his assets and liabilities (Doc. 2 Ex. D at ¶¶ 2-3). Revenue Officer Bettinger stated that such information was necessary for his investigation in order to properly collect the tax liabilities from Respondent and that the information was not already in the possession of the Internal Revenue Service (*Id.* at ¶¶ 6, 9). He also declared that he had followed all of the administrative steps required under the Internal Revenue Code for properly issuing the summons (*Id.* at ¶ 7). Clearing, Officer Bettinger's declarations in his affidavit meet the "minimal burden" required under *Powell*.

However, at the hearing, Respondent objected on numerous grounds to the enforcement of the IRS summons. He argued that he should not be compelled to comply with the summons because he is a sovereign citizen and the IRS is a federal corporation for which he would be required to sign a contract with in order to subject himself to the authority of the IRS. Respondent argues that as there is no contract between himself and the IRS, the IRS has no authority to demand that Respondent comply with their summons. In support of his argument, Respondent cites to the Supreme Court's decision in ***Bond v. United States*, 529 U.S. 334, 120 S.Ct. 1462 (2000)**. However, a review of *Bond* shows that the opinion is a Fourth Amendment case dealing with the physical manipulation of carry-on luggage and has nothing to do with the issues present in this case. Nor has Respondent cited any relevant statute or case law declaring him a sovereign citizen or requiring a contract for enforcement of the summons. Instead, under 26 U.S.C. § 7601, the IRS Commissioner, as the Secretary's delegate, is given "'a broad mandate to investigate and audit' persons to ensure compliance with federal tax laws." ***Crum*, 288 F.3d at 333 (quoting *United States v. Bisceglia*, 420 U.S. 141, 145 (1975))**. "As a necessary incident to this investigatory power, Congress

gave the Commissioner expansive authority in § 7602(a) to summon any person to provide information relevant to a particular tax inquiry." *Id*. Thus, the undersigned finds that the IRS and Officer Bettinger have the authority to issue a summons against Respondent without the need for a contract between the parties.

Respondent also cites to the **Federal Debt Collection Procedures Act, 28 U.S.C. §3002, et. seq.**, as evidence that the IRS must have a contract with him in order to seek the information he requests. However, the Federal Debt Collection Procedures Act actually undermines Respondent's position as the Act specifically states that it is not meant to "curtail or limit the right of the United States…to collect taxes or any other amount collectible." **28 U.S.C. §3003(b)(1).** Further, nothing in the Act requires a contract with a citizen, like Respondent, in order to investigate a citizen's tax liabilities. Thus, the undersigned finds this argument to be frivolous.

Respondent further argues that this Court does not have jurisdiction over him and that it cannot obtain jurisdiction by using all caps in the heading of its Orders when referring to Respondent. This argument was raised previously by Respondent and summarily rejected by Judge Stiehl. As stated by Judge Stiehl, this Court does not base jurisdictional determinations on the capitalization, or lack thereof, of parties in the case caption. The practice of using capital letters is merely a formatting option adopted by this Court and is not a tactic by the Court to bind anyone, including Respondent, to this Court's authority and jurisdiction. Nor is the Court aware of any "contract or obligation" binding respondent which would be created merely by the use of capital letters. Thus, this argument is also deemed to be meritless.

Accordingly, the Court believes that the Government has met its burden under *Powell* and that Respondent has failed to meet his "heavy burden" that the *Powell* factors have not been met or that the IRS is acting in bad faith. Further, the undersigned finds all of the objections raised by

Respondent to be without merit. Thus, the undersigned **RECOMMENDS** that the Court **FIND** that the Government has met its burden and **ORDER** the enforcement of the summons issued to Frankie Sanders, requiring complete compliance with the summons and specifically directing Respondent to obey the summons served upon him and order his attendance, testimony, and production of the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Bettinger or any other proper officer of the IRS at such time and place as may be directed by the Court.

C.      **Findings Regarding Sanctions**

"A district court has inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Salmeron v. Enterprise Recovery Systems, Inc.*, **579 F.3d 787, 793 (7th Cir. 2009) (quoting** *Chambers v. NASCO, Inc.*, **501 U.S. 32, 44-45 (1991)).** "Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, **682 F.3d 654, 661-62 (7th Cir. 2012).** Furthermore, the court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *United States v. Berg*, **20 F.3d 304, 311 (7th Cir. 1994) (quoting** *Connolly v. J.T. Ventures*, **851 F.2d 930, 932 (7th Cir. 1988)).** A court may impose civil contempt sanctions if there is "evidence that a party has willfully refused to comply with a court order, or evidence that a party was not 'reasonably diligent' in carrying out the terms of the court order." *Bailey v. Roob*, **567 F.3d 930, 935 (7th Cir. 2009).**

Here, the undersigned finds that the District Court could clearly direct that sanctions be imposed for Respondent's failure to comply with the Court's previous orders. Specifically, Respondent was Ordered by Judge Stiehl to bring all of his documents that were responsive to the

summons to the show cause hearing held on April 30, 2013. Respondent failed to do so. Further, the undersigned Ordered Respondent to appear before it on May 1, 2013 and to bring the materials previously directed by Judge Stiehl. Again, Respondent failed to comply and, in fact, did not even appear at the show cause hearing. Thus, there is ample evidence in the record of Respondent's willful refusal to comply with Court orders in the past. The undersigned, however, **RECOMMENDS** that sanctions be withheld until such time as the District Court **ORDERS** Respondent to comply with the summons and gives Respondent a date certain for complying. Should Respondent fail to comply at that time, the undersigned **RECOMMENDS** that Respondent be sanctioned on a daily basis until such time as he complies. **Berg, 20 F.3d at 311 (Court has power to issue sanctions for a party's civil contempt in order coerce obedience of a court order).**

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Petitioner has met its prima facia case under Powell, **DENY** Respondent's objections to the show cause order, and **DIRECT** the enforcement of the IRS summons. Specifically, it is **RECOMMENDED** that the Court **DIRECT** Respondent to comply with the summons and **ORDER** his attendance, testimony, and production of the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Bettinger or any other proper officer of the IRS at such time and place as may be directed by the Court. Should Respondent fail to comply by a date certain set by the Court, the undersigned **RECOMMENDS** that Respondent be found in civil contempt and sanctioned a monetary amount (such as $100.00) on a daily basis until he complies with the terms of the summons in order to compel him to do so.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely

objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**  Accordingly, Objections to this Report and Recommendation must be filed on or before **May 20, 2013**.

    **IT IS SO ORDERED**.
    DATED: May 3, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge