IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO.   12-CV-96-WDS |
| ) | |
| FRANKIE SANDERS ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation ("R&R") of Magistrate Judge Stephen C. Williams that this Court adopt the findings of fact and conclusions of law included in the R&R, deny Sanders' objections to the enforcement of the summons, and direct him to comply with the IRS's summons (Doc. 29).   Judge Williams also recommends that although the Court could impose sanctions upon Sanders for his past failures to comply with Court Orders, the Court should delay the imposition of sanctions until such time that he is ordered to comply with the summons and he is given a date certain to comply.

Also before the Court are Sanders' objections to the R&R (Doc. 30), and the government's response to those objections (Doc. 31).   Pursuant to Title 28 U.S.C. § 636(b) and Rule 73.1(b) of the Local Rules, the Court will review *de novo* those portions of the R&R to which written objections were made.

Sanders raises the following objections to the R&R of Magistrate Judge Williams: (1) the Court erroneously determined that the documents previously submitted by Frankie Sanders pertained to a different summons and different case regarding different tax years, and, according to

Sanders, he previously submitted to Revenue Agent Alexander all documents relevant to the instant summons, and has therefore fully complied with the requests for production of documents; (2) Sanders is a sovereign citizen and therefore, not subject to the government's claims without a contract or other basis to bind him; (3) pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3002, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b), "working in tandem," the IRS and/or the United States are required to verify the debt, and Magistrate Judge Williams failed to address his "complete" argument, and erroneously denied Sanders' demand for debt verification; (4) Magistrate Judge Williams erroneously determined that the reasoning of *Bond v. United States*, 529 U.S. 334 (2000), does not apply to this case because Sanders has made demands for verification of debt, challenged the process, and the IRS is attempting to seize documents without just reason for doing so; (5) Sanders' arguments regarding the lack of jurisdiction over Sanders remain valid; and (6) Sanders should not be subject to sanctions because he has previously complied with all production requests and nothing more is available.

## BACKGROUND

The following facts, as set forth by Judge Williams in his R&R (Doc. 29), are undisputed:

This matter stems from an IRS summons that was issued by Revenue Officer Mark J. Bettinger on August 4, 2011, to respondent Frankie Sanders, to appear at the IRS office located in Effingham, Illinois, on September 6, 2011, and to provide documents and testimony relevant to his income tax liability for the tax years 1998 through 2010 (Doc. 2 at ¶¶ 5-6, Ex. B).

On the scheduled date, Sanders appeared at the IRS office but failed to provide any of the requested documents or any other information as provided in the summons (Doc. 2 at ¶ 7). The matter was then referred to the Office of the Chief Counsel of the IRS who issued Sanders a "last

chance" letter proposing an alternative appointment to comply with the summons (*Id*. at ¶ 8). Sanders contacted Revenue Officer Bettinger on November 4, 2011, and informed Bettinger that he would not be at the scheduled appointment (*Id*.). Subsequent to Sanders' failure to respond, the United States of America filed a Petition to Enforce Internal Revenue Summons in this Court on February 1, 2012 (Doc. 2). Sanders was then ordered to show cause as to why he should not be compelled to comply with the IRS summons (Doc. 4). The matter was set for hearing on April 5, 2012.

In response to the Order, Sanders filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 6). In that motion, Sanders argued that without district directors of the IRS, the United States lacked authority to proceed with this action. The undersigned Judge rejected this argument (Doc. 10). Citing to the its opinion in another case against Frankie Sanders, the Court rejected Sanders' argument, citing numerous cases which have come to the same conclusion on similar arguments, finding that nothing in the restructuring of the IRS "eliminate[d] the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes." *See United States v. Frankie L. Sanders, et al.*, Case No. 03:11-cv-912 (Doc. 29) (S.D.Ill. Sept. 17, 2012) *(*citing *United States v. Springer*, 444 F. App'x 256, 260-61 (10th Cir. 2011)). Sanders' motion to dismiss was denied.

Subsequent to the denial of the motion, Sanders' attorney, Jerold W. Barringer, was terminated as counsel of record because he had been suspended from the practice of law in the Southern District of Illinois (Doc. 11). Sanders was given leave to either obtain new counsel, or proceed *pro se*. He was eventually labeled *pro se*, and this matter was referred to Magistrate Judge Williams. Sanders was ordered to appear before Judge Williams, and to show cause as to

why he should not be compelled to obey the IRS summons served upon him on September 6, 2011 (Doc. 19). The undersigned also ordered Sanders to bring with him to the hearing before Judge Williams, "any and all books, papers, records, and other data described in the IRS summons" (*Id*.).

On April 30, 2013, Judge Williams held a hearing on the Order to Show Cause. At the hearing, Judge Williams asked Sanders whether he brought the documents that he was ordered to bring. Sanders indicated that he had not brought the documents. While Sanders initially indicated he did not have any responsive documents because he had already produced them, Judge Williams determined Sanders was clearly referring to a different summons and a different case involving different tax years. Judge Williams found as a factual matter that Sanders chose not to bring the documents to the hearing as previously ordered. When asked if he had any reason to offer for not being compelled to obey the IRS summons, Sanders offered several arguments to Judge Williams. These arguments included various arguments previously raised and rejected by the undersigned. Specifically, Sanders argued that he was a sovereign citizen and as such this Court had no jurisdiction over him. He also argued that the IRS did not have a verified statement of claimed debt under the Federal Debt Collection Procedures Act,[1] the IRS did not have a signed contract with Sanders, and, that the Court could not exert jurisdiction over him by typing his name in all capital letters in the case caption. Judge Williams rejected all of Sanders' arguments as either frivolous or previously raised and rejected by this Court.

Having rejected all of Sanders' arguments for not complying with the IRS summons, Judge Williams found that the government had met its *prima facie* case to enforce its summons and gave Sanders the choice to meet with the IRS the following morning, May 1, 2013, at 9:00 a.m., and

---

[1] Judge Williams explained that although he and Sanders referred to the statute as the Fair Debt Collections Act, a review of the statute that Sanders cited, 28 U.S.C. § 3002, reveals that Sanders was actually referring to the Federal Debt Collection Procedures Act.

bring the required documents as directed in the summons and by the undersigned. Judge Williams warned Sanders that his failure to comply would result in a R&R for sanctions to be issued due to Sanders' failure to abide by the summons. Judge Williams also postponed the show cause hearing until May 1, 2013, at 2:30 p.m., in order to allow Sanders adequate time to comply with the summons.

On May 1, 2013, Sanders filed a Motion for Reconsideration (Doc. 24), seeking reconsideration of Judge Williams' findings at the April 30, 2013 hearing. Judge Williams did not find any argument worthy of reconsideration, and noted that Sanders merely objected to the Court's previous findings that his arguments were frivolous. Judge Williams denied Sanders' motion to reconsider (Doc. 24).

Further, Sanders failed to appear at the scheduled show cause hearing before Judge Williams. At the hearing, the government informed Judge Williams, and also filed a response to the Judge Williams' Order, that Sanders had failed to appear for their scheduled meeting that morning. The government's response also indicated that attempts had been made to contact Sanders by phone to no avail, and a search of the courthouse was done to determine if he was in the building, to no success. Judge Williams again noted Sanders' failure to appear at the hearing and took the matter under advisement with an R&R to issue.

## **LEGAL STANDARD**

The relevant law, as compiled by Judge Williams in the R&R, follows:

The government's complaint seeks to enforce a summons issued by the IRS to Frankie L. Sanders. "Congress has established a statutory structure that endows the IRS with extensive authority to conduct effective tax investigations." *United States v. Crum*, 288 F.3d 322, 333 (7th

Cir. 2002). Under 28 U.S.C. §§ 7402(b) and 7604(b), district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition. *Crum*, 288 F.3d at 333-34 (citing *Donaldson v. United States*, 400 U.S. 517, 523-25 (1971)).

In order to obtain enforcement of a summons, the government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought may be relevant to the investigation; (3) not already in the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999). "The *Powell* requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." *Knox*, 187 F.3d at 759 (quoting *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998)). Once the government meets its *prima facie* burden, Sanders faces a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, 187 F.3d at 759 (quoting *Miller*, 150 F.3d at 772). Summons enforcement proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. *2121 Arlington Heights Corp. v. Internal Revenue Service*, 109 F.3d 1221, 1226 (7th Cir. 1997).

## ANALYSIS

### I. Sanders' Objections

Sanders asserts the following objections to the R&R of Judge Williams: (1) the Court erroneously determined that the documents previously submitted by Frankie Sanders pertained to a different summons and different case regarding different tax years, and, according to Sanders, he

previously submitted to Revenue Agent Alexander all documents relevant to the instant summons, and has, therefore fully complied with the requests for production of documents; (2) Sanders is a sovereign citizen, and, therefore, not subject to the government's claims without a contract or other basis to bind him; (3) pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3002, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b), "working in tandem," the IRS and/or the United States are required to verify the debt, and Magistrate Judge Williams failed to address his "complete" argument, and erroneously denied Sanders' demand for debt verification; (4) Magistrate Judge Williams erroneously determined that the reasoning of *Bond v. United States*, 529 U.S. 334 (2000), does not apply to this case because Sanders has made demands for verification of debt, challenged the process, and the IRS is attempting to seize documents without just reason for doing so; (5) Sanders' arguments regarding the lack of jurisdiction over Sanders remain valid; and (6) Sanders should not be subject to sanctions because he has previously complied with all production requests and nothing more is available.   The Court will consider each objection, in turn, below.

(1) Sanders first objects on the basis that he previously submitted all documents relevant to the summons at issue.   Sanders baldly asserts that all relevant documents were previously submitted to Agent Alexander, and that Judge Williams erroneously believed that the documents, according to Sanders, "applied to an unknown and unlisted prior summons."   In response, the government submitted a declaration by Revenue Officer Mark Bettinger, made under penalty of perjury, that the summons at issue relates to income received in tax years 1998 through 2010, and that: "[a]t no point has Frankie Sanders, or any other party, produced any of the documents and records sought in the summons.   Nor has Frankie Sanders provided the testimony sought in the

summons. None of the information requested is already in the possession of the Internal Revenue Service." (Doc. 31-1 ¶ 4). Further, Bettinger declares that:

> Summonses were previously issued in connection with an investigation into the collection of the tax liability of Frankie Sanders for tax years prior to 1998. The information procured from those summonses was not gathered for the purpose of determining Frankie Sanders' tax liability for tax years 1998 through 2010, nor was it sufficient to do so. The information sought in the current summons is not duplicative of that gathered as a result of past summonses.

(Doc. 31-1 ¶ 5). The Court **FINDS** that the documents previously submitted to agents by Sanders related to a previous summons, and that Sanders has not submitted the information requested in the summons which is the subject of this cause of action. Accordingly, Sanders' objection on this basis, is **DENIED**.

(2) Next, Sanders objects to the R&R on the basis that he is a sovereign citizen and therefore, not subject to the government's claims without a contract or other basis to bind him. Sanders states that the Court has not made a specific finding on that subject with references to the case law supporting that finding. Sanders, however, has not cited any sources to support his assertion. The Court has, however, stated the basis upon which the IRS has the power to file a petition to enforce summons, and upon which this Court has jurisdiction to entertain the petition and enforce the summons.

Further, the Seventh Circuit has repeatedly determined that a defendant who argues that he is a sovereign citizen and not a citizen of the United States or subject to its laws is "simply wrong," and the argument is completely without merit, patently frivolous, and such arguments are rightly rejected without expending the court's resources on its discussion. *United Staets v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993). In *Hilgeford*, the Seventh Circuit explained:

> We are again faced with a "shop worn" argument of the tax protester movement. The defendant in this case apparently holds a sincere belief that he is a

> citizen of the mythical "Indiana State Republic" and for that reason is an alien beyond the jurisdictional reach of the federal courts. This belief is, of course, incorrect. We addressed the same issue in *United State v. Sloan*, 939 F.2d 499 (7th Cir. 1991). Defendant Sloan argued that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws. We discussed this proposition fully and concluded that it was "simply wrong." *Id*. at 501.
> In a factually similar case, a recent appeal on the same basis was handled with appropriate dispatch by the Eighth Circuit in *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). Defendant therein claimed to be a citizen of the "Republic of Idaho" and not a U.S. citizen, and therefore outside the jurisdiction of the United States.
> The *Jagim* court found this issue to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on [its] discussion." *Id*. We do the same.

7 F.3d at 1342. *See also, United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (The contention that a defendant is a sovereign citizen not subject to the jurisdiction of a federal court "has no conceivable validity in American law.").

Additionally, as Judge Williams stated, in this case, dealing with a summons, there is no necessity for any type of a signed contract between the IRS or the United States and Mr. Sanders, and there is no legal basis for this argument. Mr. Sanders provided no support whatsoever for this argument, either at the hearing, or in his written objections,[2] and Sanders' objection on the basis that the Court lacks jurisdiction or that a contract is required before proceeding is **DENIED**.

(3) Sanders next objects to the R&R on the basis that pursuant to the Federal Debt

---

[2] Sanders "refers the Court to the Living Word Christian Church case out of Minnesota," to support his proposition that the IRS violates the law and has acted improperly, and, apparently, to support his arguments "about the jurisdiction of the IRS and how it applies to Sanders." (Doc. 30 at 3). Upon a careful review of *United States v. Living Word Christian Center*, No. 08-mc-37 ADM/JJK, 2009 WL 250049 (D. Minn. Jan. 30, 2009), the Court is unable to ascertain how it supports Sanders' arguments. In *Living Word*, a district court determined that an IRS summons issued to a church should be denied because the appropriate high-level Treasury official did not authorize it. The crux of this case was that a *church* tax inquiry can only begin after notice and if an appropriate high-level treasury official, because "an important constitutional interest underlies the requirements of a church-tax inquiry—First Amendment protections against the Government's possible intrusion into religious affairs." *Id*. at *2. The ranking of the official was of particular importance in this case, given that balancing of constitutionally protected rights was necessary, and that the person should have a "heightened understanding of the political and policy interests at stake." *Id.* Sanders fails to make any meaningful reference to this case, and intrusion into religious affairs does not appear to be an issue whatsoever in the case at bar.

9

Collection Procedures Act, 28 U.S.C. § 3002, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b), "working in tandem," the IRS and/or the United States are required to verify the debt, and Magistrate Judge Williams failed to address his "complete" argument, and erroneously denied Sanders' demand for debt verification.

Sanders argues that the both the IRS and the United States are "federal corporations," and, therefore, must follow the laws that govern corporations. Sanders asserts that, because he has disputed the debt, based on the Federal Debt Collection Procedures Act, 28 U.S.C. 3002, and 15 U.S.C. 1692g(b), "working in tandem," the IRS, or the United States, or both, are required to verify the debt. He asserts that neither has verified the debt, and that Judge Williams erred by not considering "all" of his arguments.

As Judge Williams determined, "the Federal Debt Collection Procedures Act actually undermines Respondent's position as the Act specifically states that it is not meant to 'curtail or limit the right of the United States . . . to collect taxes or any other amount collectible." (Doc. 29 at 7) (quoting 28 U.S.C. § 3003(b)(1)). Sanders has failed to argue or establish in what way the statutes "work in tandem" to provide relief to him, or how they are applicable to this properly served summons. Accordingly, Sanders' objection on this basis is **DENIED**.

(4) Sanders further objects to the R&R on the basis that Magistrate Judge Williams erroneously determined that the reasoning of *Bond v. United States*, 529 U.S. 334 (2000), does not apply to this case because Sanders has made demands for verification of debt, challenged the process, and the IRS is attempting to seize documents without just reason for doing so.

After careful review of the *Bond* case, the Court agrees with Judge Williams that it does not apply to Sanders' case. Bond was indicted for conspiracy to possess, and possession with intent

to distribute, methamphetamine, and appealed the order denying his motion to suppress the drugs based on his argument that the search of his bag was illegal. The Supreme Court reversed the denial of the motion to suppress on the basis that a bus agent's physical manipulation of Bond's bag violated the Fourth Amendment. 529 U.S. at 338-39. In this case, the IRS is attempting to seize documents pursuant to a summons that the Court finds to be valid and legal, and the government has not seized documents pursuant to an unreasonable search or seizure that would violate the Fourth Amendment. In no way does the *Bond* case apply to Sanders' case, and, accordingly, Sanders' objection on this basis is **DENIED**.

(5) Sanders also objects to the R&R on the basis that his arguments regarding jurisdiction over Sanders remain valid. As discussed supra, Sanders' jurisdiction arguments are unsupported and meritless, and the Court will not expend additional resources on their discussion. Sanders' objection on this basis is **DENIED**.

## II. Determination Regarding Summons

Within Sanders' objections, he makes general statements that the Court "ignores" his arguments and simply "believes" the IRS would not act improperly. To the contrary, however, Magistrate Judge Williams considered each of Sanders' arguments, and then described the law applicable to this case, including the government's burden, and then explained how the government has met its burden.

Specifically, in order to obtain enforcement of a summons, the government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought may be relevant to the investigation; (3) not already in the government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v.*

*Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999). "The *Powell* requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." *Knox*, 187 F.3d at 759 (quoting *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998)). Once the government meets its *prima facie* burden, Sanders faces a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, 187 F.3d at 759 (quoting *Miller*, 150 F.3d at 772).

Judge Williams determined, and this Court agrees, that the government has met its minimal burden, and that Sanders has not disproved any of the *Powell* factors or shown that the IRS issued the summons in bad faith. Sanders has, instead, wasted judicial resources, repeating meritless jurisdictional arguments lacking any basis in law, and citing to statutes and caselaw which have no bearing on the issues at hand. Sanders also requests that the Court "simply take judicial notice of the actions of the IRS in violating a number of laws, including criminal laws, in its pursuit of individuals across the country," and that "the Court should enjoin this action while it considers exactly how the IRS has handled all collection proceedings so far as they would also apply to Sanders." The Court declines Sanders' request. Sanders' broad and sweeping statements regarding the actions of the IRS are not supported by any facts whatsoever. Sanders has failed to show that the government has in any way proceeded unlawfully with respect to his own case, let alone that the government or the IRS is acting improperly or criminally "across the country."

Having **DENIED** each of Sanders' objections, and upon review of the record, the Court **FINDS** that the government has met its burden, and **ORDERS** enforcement of the summons issued to Frankie Sanders, requiring complete compliance with the summons. Frankie Sanders is

**HEREBY ORDERED** to obey the summons served upon him, and **ORDERED** to appear before Revenue Officer Bettinger, or any other proper officer of the IRS, at such time and place as directed by the Court, and to provide testimony, and produce the books, records, papers, and other data, as required by the terms of the summons.

The government **SHALL**, within seven (7) days of the date of this Order, submit a proposed order to be entered by the court, directing Sanders to appear at a specific date, time and place to comply with the summons. The compliance date shall be at least 10 days after the date this Order is entered.

### III.     Sanctions

As stated by Judge Williams in his R&R, "[a] district court has inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). "Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012). Furthermore, the court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *United States v. Berg*, 20 F.3d 304, 311 (7th Cir. 1994) (quoting *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)). A court may impose civil contempt sanctions if there is "evidence that a party has willfully refused to comply with a court order, or evidence that a party was not 'reasonably diligent' in carrying out the terms of the court order." *Bailey v. Roob*, 567 F.3d 930, 935 (7th Cir. 2009).

Judge Williams made a finding that the undersigned judge could clearly direct that sanctions be imposed for Sanders' failure to comply with the Court's previous Orders. Specifically, Sanders was ordered by this Court to bring all documents responsive to the summons to the show cause hearing held on April 30, 2013, but failed to do so.  Additionally, Judge Williams ordered Sanders to appear before him on May 1, 2013, and bring the same documents as directed by the undersigned, but Sanders did not comply and did not even appear at the show cause hearing.  The undersigned agrees with Judge Williams that there is ample evidence in the record of Sanders' willful refusal to comply with Court orders.

Judge Williams recommends that sanction be withheld at this time, however, until this Court orders Sanders to comply with the summons and gives him a date certain for complying. Judge Williams further recommends that should Sanders fail to comply at that time, sanctions should be imposed against him on a daily basis until he complies.  *See Berg*, 20 F.3d at 311 (Court has the power to issue sanctions for a party's civil contempt in order to coerce obedience of a court order.).

Sanders objects to this recommendation, arguing that he should not be subject to sanctions because he has previously complied with all production requests and nothing more is available. As discussed supra regarding Sanders' first objection, Sanders has not previously complied with all production requests related to the summons at issue.  The Court will not repeat its discussion here, but based on the same reasoning as above, Sanders' objection on this basis, is **DENIED**.

Accordingly, should Sanders fail to abide by the Order that will be entered directing the time and date of his compliance with the summons, **FRANKIE SANDERS is hereby WARNED that this Court will impose sanctions upon him, including but not limited to a fine of $100.00**

**per day until he fully complies with the terms of the summons. Should Sanders continue his failure to fully comply with the summons beyond seven (7) days, on the eighth (8th) day, the fine will be increased to $500.00 per day until he fully complies.**

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Williams R&R (Doc. 29). Sanders' objections to enforcement of the summons and to the R&R are **DENIED**, and he is **DIRECTED** to fully comply with the summons. The government **SHALL**, within seven (7) days of the date of this Order, submit a proposed order to be entered by the court, directing Sanders to appear at a specific time and place to comply with the summons.

Should Sanders fail to abide by the Order that will be entered directing the time and date of his compliance with the summons, **FRANKIE SANDERS is hereby WARNED that this Court will impose sanctions upon him, including but not limited to a fine of $100.00 per day until he fully complies with the terms of the summons. Should Sanders continue his failure to fully comply with the summons beyond seven (7) days, on the eighth (8th) day, the fine will be increased to $500.00 per day until he fully complies.**

**IT IS SO ORDERED.**

**DATE: October 9, 2013**

                                              **/s/   WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**