IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 12-96-WDS-SCW |
| | ) |
| FRANKIE SANDERS, | ) |
| | ) |
| Respondent. | ) |

## ORDER

**STIEHL, District Judge:**

Before the Court is Respondent Frankie Sanders' "demand" for reconsideration of the Court's Order (Doc. 37) adopting the Report and Recommendation of Magistrate Judge Stephen C. Williams, and Ordering that Sanders comply with an IRS summons or face sanctions (Doc. 33). Sanders filed this pleading on the eve of the date that Sanders was Ordered to comply.

Sanders believes that the Court did not address questions put before it, the cases it cited were not on point, that the Court evades issues, "ran back to its favorite statement[s]," and "dances around" particular arguments. Sanders remarks, "WHAT THE HELL IS THE CURRENT STRUCTURE OF THE IRS? Answer that question and maybe the case will get some where." (Doc. 37 at 2).

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); Fed.R.Civ.P. 59(e). Judgment has not been

entered in this case, rendering Rule 59(e) inapplicable.

Furthermore, with respect to Fed. R. Civ. P. 60(b), the Seventh Circuit has explained that "Rule 60(b)(1) permits the court in the exercise of discretion to relieve a party from an order on the grounds of mistake, inadvertence, or excusable neglect, and Rule 60(b)(6) covers 'any other reason justifying relief from the operation of the judgment.'" *Longs v. City of South Bend*, 201 Fed.App'x 361, 364 (7th Cir. 2006) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000)). Relief pursuant to this rule, however, "is regarded as an extraordinary remedy which is granted only in exceptional circumstances." *Id*.

Sanders has not shown that he is entitled to reconsideration via Fed. R. Civ. P. 59(e) or 60(b). Accordingly, his motion for reconsideration (Doc. 37) is **DENIED**.

To be clear, the Court's previous Order, as summarized below, stands:

**IT IS ORDERED that the Respondent, Frankie Sanders, SHALL APPEAR IN PERSON at the United States Attorney's Office, 750 Missouri Avenue, East St. Louis, Illinois, on FRIDAY, NOVEMBER 8, 2013, AT 10:00 A.M.**, before Mark J. Bettinger, an Internal Revenue Service Officer, or other authorized representative of the United States, to give testimony related to his tax liability for the tax years of 1998 through 2010, and to bring for examination the books, papers, records, and other data described in the Internal Revenue Service summons.

**FRANKIE SANDERS is reminded and WARNED that should he fail to abide by this Order, this Court will impose sanctions upon him, including but not limited to a fine of $100.00 per day until he fully complies with the terms of the summons. Should Sanders continue his failure to fully comply with the summons beyond seven (7) days, on the eighth (8th) day, the fine will be increased to $500.00 per day until he fully complies.**

**IT IS SO ORDERED.**

**DATE: <u>November 8, 2013</u>**

                <u>/s/ WILLIAM D. STIEHL</u>
                   **DISTRICT JUDGE**